NELSON, Circuit .Justice.
The goods in this case were imported from China. No question has been made upon the invoice value at the port of shipment The objections are confined to the additional charges made at the custom-house, thereby increasing the dutiable value.
1. The first is, that one-half of one per cent Jvas added to the charge for commissions in China, making them two and one-half per cent., when the usual rate is only two per cent. The proof in the ease is full, that two per cent, only was charged, and that it is the usual rate of commissions. It was error, therefore, to add the one-half of one per cent.
2. It is objected, that the collector erred in striking from the invoice two per cent, discount from the invoice values which discount was made to the purchaser of the goods; and it is claimed that this abatement in the price is generally made according to the usage of the trade in China. The answer to this objection is, that the market value at the port of exportation is the criterion to govern the officers of the customs, and any discounts that may be made to the parties purchasing are not to be taken into account. These discounts may, and often do, depend, upon the particular terms of the purchase.
There are cases which have been heretofore before the court, in which it appeared that the trade in the foreign country had agreed upon a rate of prices for certain classes of goods, and, as the price subsequently fluctuated, made a discount, if the price fell below, or an addition if it rose above the standard, as a mode of fixing the market value at the time. The court held, that an arbitrary rejection of the discount, under the circumstances stated, at the customs, in ascertaining the dutiable value, was erroneous. But the present case is altogether a different one, and is not governed by the principle of that class of cases.
3. An addition was made by the appraisers to the invoice value, in the shape of a charge for export duty at the port of shipment, which, as is shown in the case, had no existence. This duty, when not found in the invoice, is paid by the seller of the goods to the government, and enters into the invoice value of the article. One of the appraisers, 'who was a witness in the case, admits that the invoice value was not raised by an appraisement; and that the addition of the export charge was made upon the idea that the invoice value of the goods was too-low. This was an error. If the appraisers regarded the invoice value as too low, they should have raised it by appraisal in the ordinary way, which would have afforded the importer the right of appeal to the merchant appraisers, instead of adding an arbitrary and, as it appears, a fictitious charge for exportation.
The plaintiffs are entitled to a judgment for the excess arising from the claim of two- and one-half instead of two per cent, commissions, and also from the charge for export duty. The amount will be settled by the clerk, if the counsel do not agree upon it.